**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| DAVID JAMES CONNOLLY, | § | |
| Plaintiff | § § § | |
| v. | § § | Case No. 1:26-cv-00310-ADA-DH |
| EQUIFAX INFORMATION SERVICES LLC, | § § § | |
| Defendant. | § § § | |

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S
<u>FED. R. CIV. P. 26 REPORT</u>**

Defendant Equifax Information Services LLC ("Equifax") submits its portion of the Court-required proposed scheduling and discovery plan and would respectfully show the Court as follows:

On May 14, 2026, Equifax's counsel met and conferred with Plaintiff via videoconference regarding the proposed scheduling and discovery plan pursuant to the Court's order dated May 6, 2026. Dkt. No. 14. Equifax's counsel circulated a draft joint report, discussed the report in detail during the Rule 26(f) conference, and requested Plaintiff's input. Plaintiff declined to contribute and instead filed a separate report on May 26, 2026, which does not comply with the Court's requirements. Dkt. Nos. 15–16.[1]

---

[1] When Equifax's counsel followed up regarding the joint report and Equifax's prospective Motion to Stay Discovery pending the resolution of its Motion to Dismiss, **Plaintiff sent an email threatening to break and murder counsel**, attached as **Exhibit A**. Equifax intends to seek case-terminating sanctions under the Court's inherent authority based on this conduct and requests for proceedings in this matter to be completed via Zoom based on Plaintiff's direct threat to murder counsel.

325905682v.1

-2-

1. **What are the cause(s) of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?**

**Equifax:** Defendant Equifax Information Services LLC ("Equifax") is a consumer reporting agency as that term is defined in the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"). Equifax denies Plaintiff's claims and denies that it violated the FCRA or any other law. Equifax disputes that it failed to comply with the FCRA and any other law and denies that it is liable to Plaintiff. Equifax specifically states that it maintained reasonable procedures to assure maximum possible accuracy in its credit reports concerning Plaintiff. Equifax further denies that Plaintiff's state law claims are properly pleaded in this case as they are preempted by the FCRA. Additionally, Equifax denies that Plaintiff is entitled to any of the relief sought in the Complaint, and specifically denies that Plaintiff can support a claim for punitive damages in this action. Equifax makes this statement without waiving any defenses and reserves the right to supplement this response.

2. **Are there any outstanding jurisdictional issues? For removed cases based on diversity jurisdiction, do the parties agree that the amount in controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the amount in controversy.**

**Equifax**: There are no outstanding jurisdictional issues.

3. **Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?**

**Equifax**: There are no unserved parties in this matter.

4. **Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?**

**Equifax**: At this stage, no agreements or stipulations can be made about any facts in this case or any elements in the cause(s) of action.

5. **Are there any legal issues in this case that can be narrowed by agreement or by motion?**

**Equifax**: Yes, Equifax filed its Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on March 12, 2026. Dkt. No. 7. This motion is still pending and ripe for review.

6. **Are there any issues about preservation of discoverable information?**

**Equifax**: Equifax does not anticipate any ESI preservation issues. Based on the nature of this case, Equifax believes that producing ESI in a reasonably usable format (e.g., hard copy or .pdf) is appropriate and proportional to the needs of the case. Additionally, production and/or disclosure of proprietary, confidential and/or non- public documents and information shall be disclosed only upon entry of a protective order.

7. **Are there any issues about disclosure or discovery of electronically stored information? In what forms should electronically-stored information be produced and will production include metadata?**

**Equifax**: Equifax incorporates its response under Section 6.

8. **What are the subjects on which discovery may be needed?**

**Equifax:** Equifax anticipates conducting written and oral discovery on the following subjects: (1) whether Plaintiff's Equifax credit file contained an inaccuracy; (2) whether any Equifax consumer report regarding Plaintiff contained an inaccuracy; (3) whether Equifax failed to maintain reasonable procedures to assure the maximum possible accuracy of consumer reports regarding Plaintiff; (4) whether Plaintiff disputed the accuracy of an item of information on Plaintiff's Equifax credit file; (5) whether any reinvestigation conducted by Equifax violated the FCRA or any other law; (6) whether Plaintiff has met the burden of proving a claim against Equifax for negligent noncompliance with the FCRA; (7) whether Plaintiff has met the burden of proving a claim against Equifax for willful noncompliance with the FCRA; (8) whether Plaintiff has suffered any damages proximately caused by any action or inaction of Equifax; (9) whether Plaintiff is

325905682v.1

entitled to any damages (actual, punitive, statutory, costs and/or fees) from Equifax pursuant to the FCRA; (10) whether any damages suffered by Plaintiff was caused in whole or in part by a third party, an intervening or superseding cause, and/or action of Plaintiff; (11) whether Plaintiff failed to mitigate his damages; (12) whether some or all of Plaintiff's claims are barred by applicable statute of limitations; and (13) whether Plaintiff's claims for punitive damages under the FCRA violate the U.S. Constitution.

9. **Have initial disclosures been made? If not, should any changes be made in the timing, form, or requirement for initial disclosures?**

**Equifax**: Equifax anticipates serving its initial disclosures by **June 19, 2026.**

10. **What, if any, discovery has been completed? What discovery remains to be done and when should it be completed? Have the parties considered conducting discovery in phases or agreeing to limit discovery?**

**Equifax:**

Limitations on Requests for Production. Maximum of 30 requests for production by each party to any other party.

Limitations on Requests for Admission. Maximum of 30 requests for admission by each party to any other party

11. **What, if any, discovery disputes exist?**

**Equifax:** Equifax believes Plaintiff's claims should be dismissed with prejudice for failure to state a claim. *See* Dkt. No. 7. As such, no discovery is necessary, and Equifax will file its Motion to Stay Discovery pending the resolution of its Motion to Dismiss.

12. **Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?**

**Equifax**: If a receiving party believes that privileged or protected material may have been inadvertently disclosed or produced, said party will advise the producing party and proceed as required if such party asserts inadvertent disclosure. Equifax proposes that the parties agree that

-4-

the recall, sequester, or return of any privileged or protected material is without waiver of the right to contest the claim of privilege or protection; and that the mere fact of an inadvertent disclosure is not sufficient to waive any claim of privilege or protection. Furthermore, before any party makes a motion to compel or challenges the claim of privilege, protection, or inadvertence of production or disclosure, the parties shall meet and confer regarding the challenge and attempt to find a way to resolve the dispute. Equifax proposes that the standard Federal Rule of Evidence 502(b) applies to resolve any dispute about the inadvertence of a production or disclosure.

**13. Have the parties discussed early mediation?**

**Equifax:** Equifax has received Plaintiff's seven-figure demand, which Equifax rejected. Equifax is amenable to reconsidering early mediation or a settlement conference if its Motion to Dismiss is denied, however unlikely that outcome may be.  **Any settlement conference or mediation should be remote based on Plaintiff's threat to break and murder counsel for Equifax**. *See* **Exhibit A**.

**14. Have the parties considered seeking entry of a confidentiality and protective order and are there any other scheduling or discovery items requiring the court's attention?**

**Equifax**: Equifax anticipates that there will be a need for some discovery later in this case to be governed by a protective order, if Plaintiff's claims survive dismissal. The parties shall confer and then submit a jointly proposed protective order to the Court. If the parties disagree concerning the scope or form of a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum.

325905682v.1

-6-

DATED:  May 29, 2026

Respectfully submitted,

SEYFARTH SHAW LLP


By: _/s/ Jennifer R. Brooks_
    Jennifer R. Brooks, Bar No. 24103791
    jrbrooks@seyfarth.com
    SEYFARTH SHAW LLP
    2323 Ross Avenue, Suite 1660
    Dallas, Texas  75201
    Telephone:  (469) 608-6730

_Counsel for Defendant_
_Equifax Information Services LLC_

-6-

## CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2026, I presented the foregoing JOINT FED. R. CIV. P. 26 REPORT with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.  A copy has also been sent via U.S. Mail to the following:

David James Connolly
2105 Comal Street
Apartment B4, 324B
Austin, TX  78722

*Plaintiff pro se*

_/s/ Jennifer R. Brooks_
Jennifer R. Brooks
*Counsel for Defendant*
*Equifax Information Services LLC*

325905682v.1