**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| DAVID JAMES CONNOLLY, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | |
| | § | Case No. 1:26-cv-00310-ADA-DH |
| EQUIFAX INFORMATION SERVICES LLC, | § | |
| | § | |
| | § | |
| Defendant. | § | |
| | § | |

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S
MOTION TO STAY ACTION PENDING A RULING ON ITS MOTION TO DISMISS**

Defendant Equifax Information Services, LLC ("Equifax"), through undersigned counsel, and hereby files this Motion to Stay Action ("Motion") Pending Ruling on its Motion to Dismiss and respectfully states the following:

## I.      INTRODUCTION

Plaintiff attempts to allege violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*., defamation, and negligence against Equifax based on the reporting of an Australian bankruptcy record. *See generally* Dkt. No. 1. But Plaintiff's claims are entirely based on the alleged conduct of non-party "Equifax Australia Information Services"—not Equifax. *Id*. at 5. Accordingly, on March 12, 2026, Equifax filed its Motion to Dismiss (the "MTD") under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. No. 7. Plaintiff later filed his Response to the MTD on April 9, 2026, and Equifax filed its Reply on April 16, 2026. Dkt. Nos. 12–13. Equifax's MTD is fully briefed and ripe for decision.

326047205v.1

Equifax now respectfully asks the Court to stay discovery pending its MTD. Equifax attempted to confer with Plaintiff regarding this Motion but was unable to obtain Plaintiff's position.[1]

## I.    LEGAL STANDARD

Courts have the authority to stay proceedings to manage their docket based on the particular facts of a case. *Wolf Designs, Inc. v. Donald McEvoy Ltd., Inc.*, 355 F. Supp. 2d 848, 852–53 (N.D. Tex. 2005). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its dockets with economy of time and effort for itself, for counsel, and for litigants." *Id.* (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Courts across the Fifth Circuit have frequently issued stays in cases where dispositive motions are pending. *See, e.g., Conquest v. Camber Corp.*, No. 5:13-cv-1108-DAE, 2014 WL 172500, at *2 (W.D. Tex. Jan. 13, 2014); *Von Drake v. Nat'l Broad. Co., Inc.*, No. 3-04-CV0652-R, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004) (staying discovery "may be appropriate where the disposition of a motion to dismiss 'might preclude the need for discovery altogether thus saving time and expense'") (quoting *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990)).

## II.    ARGUMENT AND AUTHORITIES

### A.    EQUIFAX'S MTD WILL DISPOSE OF ALL OF PLAINTIFF'S CLAIMS AGAINST EQUIFAX.

The Fifth Circuit has made clear that "a trial court may properly exercise its discretion to stay discovery pending a decision on a dispositive motion." *Carder v. Cont'l Airlines, Inc.*, 595 F.

---

[1] When Equifax's counsel followed up regarding the 26(f) report and Equifax's Motion to Stay Discovery pending the resolution of its Motion to Dismiss, Plaintiff sent an email threatening to break and murder counsel. *See* Dkt. No. 19-1. Equifax intends to seek case-terminating sanctions under the Court's inherent authority based on this conduct and requests for proceedings in this matter to be completed via Zoom based on Plaintiff's direct threat to murder counsel.

App'x 293, 300 (5th Cir. 2014) (citing *Corwin v. Marney, Orton Invs.*, 843 F.2d 194, 200 (5th Cir. 1988)). As discussed more thoroughly in Equifax's MTD, Plaintiff has failed to plead any actionable claim against Equifax. *See generally* Dkt. No. 7. Consequently, because there is a strong likelihood that the pending motion will dispose of all of Plaintiff's claims, the Court should stay discovery in this case.

The Fifth Circuit has explicitly noted that there are reasons to stay discovery of a case pending resolution of a plaintiff's potentially invalid claim:

> Pending a case surviving a motion to dismiss under Rule 12(b)(6), however, the district court *may* wish to postpone the issuance of a scheduling order until it decides whether the case merits further factual development.

*Alpha Kappa Alpha Sorority, Inc. v. Converse Inc.*, 175 F. App'x 672, 682 (5th Cir. 2006) (emphasis in original) (citing *Ehlmann v. Kaiser Found. Health Plan of Tex.*, 198 F.3d 552, 554 (5th Cir. 2000)).

Applied here, Plaintiff's claims against Equifax do not and cannot survive dismissal because he simply has failed to allege any claim against Equifax. Plaintiff's claims against Equifax are without any merit because they are not based on Equifax's conduct at all; and Plaintiff has failed to state a claim upon which relief can be granted. Dkt. No. 7. Specifically, (1) Plaintiff's FCRA claims fail as a matter of law; (2) Plaintiff's state law claims are preempted by the FCRA and, in any event, similarly fail as a matter of law; and (3) any amendment would be futile. *Id*. The deficiencies in the Complaint are incurable such that any further amendments would be futile— this is so because Plaintiff concedes his claims are against non-party "Equifax Australia Information Services," not Equifax. Dkt. No. 1 at 5; *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiff's at least one opportunity to cure pleading deficiencies before dismissing a case, ***unless*** . . . the defects

-3-

are incurable or the plaintiffs . . . are unwilling or unable to amend in a manner that will avoid dismissal.") (emphasis added).

Because Plaintiff's claims cannot withstand dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court should stay discovery pending resolution of Equifax's MTD, which is likely to dispose of all claims in this case and conserve the parties' and the Court's resources.

**B.      NO DISCOVERY IS NEEDED.**

It is well settled that motions challenging the legal sufficiency of a claim or defense, such as a motion to dismiss based on a failure to state a claim, should be resolved before discovery begins. *See Boudreaux v. C J R Framing Inc.*, 744 F. App'x 208, 211 (5th Cir. 2018) ("'a 12(b)(6) inquiry focuses on the allegations in the pleadings, not whether a plaintiff actually has sufficient evidence to succeed on the merits.'") (quoting *Ferrer v. Chevron Corp.*, 484 F.3d 776, 782 (5th Cir. 2007)); *see also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true."); *Kaylor v. Fields*, 661 F.2d 1177, 1184 (8th Cir. 1981) ("Discovery should follow the filing of a well-pleaded complaint. It is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim.").

The Court should stay discovery pending resolution of Equifax's MTD because the MTD does not require any discovery, and the parties should not be required to expend any additional time and resources propounding and responding to discovery requests, conducting depositions, and engaging in potential discovery motions regarding claims that are unlikely to survive dismissal.

**III.      CONCLUSION**

Therefore, Equifax respectfully requests the Court stay discovery in this case pending resolution of its Motion to Dismiss Plaintiff's Complaint.

-4-

-5-

DATED:  June 8, 2026

Respectfully submitted,

SEYFARTH SHAW LLP


By:  */s/ Jennifer R. Brooks*
    Jennifer R. Brooks, Bar No. 24103791
    jrbrooks@seyfarth.com
    SEYFARTH SHAW LLP
    2323 Ross Avenue, Suite 1660
    Dallas, Texas  75201
    Telephone:  (469) 608-6730

*Counsel for Defendant*
*Equifax Information Services LLC*

-5-

**CERTIFICATE OF CONFERENCE**

I certify that, pursuant to Local Rule CV-7(g), counsel for Equifax Information Services LLC conferred with counsel for Plaintiff on May 14, 2026, and May 25, 2026, regarding the substance of the relief sought in Defendant Equifax Information Services LLC's Motion to Stay. Equifax was unable to obtain Plaintiff's position on this motion.

_/s/ Jennifer R. Brooks_
Jennifer R. Brooks
*Counsel for Defendant*
*Equifax Information Services LLC*

326047205v.1

-7-

**CERTIFICATE OF SERVICE**

I hereby certify that on June 8, 2026, I presented the foregoing DEFENDANT EQUIFAX

INFORMATION SERVICES LLC'S MOTION TO STAY ACTION PENDING A RULING ON

ITS MOTION TO DISMISS with the Clerk of the Court using the CM/ECF system, which will

send notification of such filing to all counsel of record. A copy has also been sent via U.S. Mail to

the following:

> David James Connolly
> 2105 Comal Street
> Apartment B4, 324B
> Austin, TX  78722
>
> *Plaintiff pro se*

 /s/ Jennifer R. Brooks
Jennifer R. Brooks
*Counsel for Defendant*
*Equifax Information Services LLC*

326047205v.1