

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

DAVID JAMES CONNOLLY,

Plaintiff,

v.

EQUIFAX INFORMATION SERVICES LLC,

Defendant.

Case No. 1:26-cv-00310-ADA

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY**

Plaintiff David James Connolly ("Plaintiff"), appearing pro se, respectfully opposes Defendant Equifax Information Services LLC's Motion to Stay Proceedings.

I. INTRODUCTION

For more than 8 years, Plaintiff has lived with the consequences of inaccurate bankruptcy information being maintained and broadly disseminated concerning him. During that period, Plaintiff repeatedly sought correction of the record through appropriate channels and was denied.

Independent review, participated in by the Defendant, ultimately determined that inaccurate bankruptcy information remained on Plaintiff's credit file despite the underlying sequestration order having been set aside. Within that Jurisdiction, the duration of the reporting exceeded every acceptable legal threshold by greater than 5 years.

Having now commenced this action under the Fair Credit Reporting Act, Plaintiff seeks the opportunity to obtain discovery and present his claims on the merits. Instead, Defendant asks the Court to halt the proceedings before discovery has begun.

Defendant's request would further delay a matter that has already been delayed for years.

The Motion to Stay should be denied outright.

## II. PLAINTIFF IS ENTITLED TO OBTAIN DISCOVERY RELEVANT TO HIS CLAIMS

The central facts of this case are largely within Defendant's exclusive possession and control.

Plaintiff alleges that Defendant maintained, processed, investigated, and reported inaccurate bankruptcy information concerning him. The records necessary to determine how that occurred, why it occurred, who was involved, what investigations were undertaken, and what corrective actions were taken are maintained by Defendant exclusively.

Those records include, but are not limited to:

• Internal dispute records;
• Reinvestigation records;
• Consumer file histories;
• Audit trails;
• Employee notes;
• Internal communications;
• Data maintenance procedures;
• Record retention information; and
• Documents relating to correction or suppression of inaccurate information.

Without discovery, Plaintiff cannot obtain the evidence necessary to fully present his claims.

Defendant seeks to delay disclosure of information that is uniquely within its control while simultaneously asking the Court to prevent Plaintiff from obtaining it.

Fundamental fairness weighs against such a result.

Plaintiff cannot determine how the inaccurate information was maintained, who reviewed it, what investigative steps were taken, what records were consulted, to whom the information was disseminated, what corrective measures were considered, or why the inaccurate reporting persisted for years after the underlying sequestration order had been set aside. Each of those questions goes directly to liability, damages, causation, and Defendant's compliance with its obligations under Federal law. Discovery is therefore not ancillary to this case; it is essential to the fair adjudication of Plaintiff's claims.

## III. FURTHER DELAY PREJUDICES PLAINTIFF

This case concerns events that have already spanned many years.

Plaintiff alleges that inaccurate bankruptcy information remained associated with his credit profile for greater than 7 years after the underlying sequestration order had been set aside. Plaintiff further alleges that the inaccurate information caused substantial personal, professional,

financial, and reputational harm.  Discovery is necessary to identify the recipients, scope, duration, and consequences of that dissemination.

Every additional delay postpones Plaintiff's ability to obtain evidence, identify witnesses, and pursue resolution of the dispute.

Witness memories do not improve with time. Electronic records become more difficult to locate. Personnel change. Systems and their data are volatile, replaceable and ultimately have to be upgraded and maintained in line with the pace of technology progress. Relevant evidence becomes harder—not easier—to reconstruct.

The prejudice resulting from delay falls almost entirely upon Plaintiff.

Defendant, by contrast, is a sophisticated multinational credit reporting agency with extensive resources and longstanding document preservation capabilities.  There is no credible reason to seek this Stay.

## III.A EVIDENCE PRESERVATION CONCERNS

Delay creates additional risks to the preservation of relevant evidence.

The records central to this dispute are maintained exclusively by Defendant. Plaintiff seeks discovery concerning internal dispute handling, reinvestigation activities, employee actions, audit trails, dissemination records, internal communications, and other electronically stored information relating to the reporting and maintenance of Plaintiff's consumer information.

As time passes, the risk increases that relevant information becomes more difficult to identify, retrieve, preserve, and produce. Personnel change roles, employees leave organizations, systems are upgraded, data retention schedules are implemented, and electronically stored information may become more burdensome to recover.

Plaintiff has no ability to independently preserve or access these materials The requested stay would therefore delay access to evidence that cannot be obtained from any source other than Defendant., illuminate what actions were taken after notice of the error, and how that information was disseminated.

Under these circumstances, further delay serves no legitimate purpose and increases the risk that relevant evidence becomes more difficult to obtain.

## IV. DEFENDANT HAS NOT DEMONSTRATED THAT A STAY IS WARRANTED

Defendant seeks extraordinary relief.

The mere filing of a Motion to Dismiss does not justify stopping the litigation.

If Defendant's position were accepted, discovery could be delayed in virtually every Fair Credit Reporting Act case simply because a defendant filed a motion challenging the pleadings.

That is not how civil litigation ordinarily proceeds.

Even if Defendant were successful on some portion of its motion, discovery would remain relevant to issues that survive, issues subject to amendment, and issues relating to damages and Defendant's conduct.

A stay would therefore serve only one practical purpose: delay.

Delay is not good cause.

## V. THE INTERESTS OF JUSTICE FAVOR ALLOWING THE CASE TO PROCEED

Plaintiff commenced this action to obtain accountability, transparency, and relief for alleged violations of Federal law. This is supported by a regulatory investigation that has been concluded and accepted by the Defendant.

The information necessary to evaluate Defendant's conduct resides primarily within Defendant's own systems and records.

Allowing discovery to proceed promotes the truth-seeking function of litigation and permits the factual record to be developed in an orderly manner.

By contrast, granting a stay would reward further delay in a dispute that has already been delayed by the conduct of the Defendant. **It strains credulity that the Defendant could extend a regulatory process ordinarily completed within 1 week into a delay exceeding 40 weeks, yet now contend that the Plaintiff is somehow precluded from seeking redress in his local jurisdiction for damages arising from inaccuracies and misrepresentations disseminated over a period exceeding 7 years.**

The interests of justice favor moving the case forward.

This case is not based upon a speculative or hypothetical dispute. Plaintiff's allegations arise from a reporting error that was the subject of independent review and formal findings. Plaintiff seeks discovery to understand how the inaccurate information was maintained, why corrective action was not taken sooner, who participated in the relevant decisions, and what internal records

exist concerning the handling of his file. These are precisely the types of factual questions that civil discovery is intended to answer.

Defendant asks this Court to delay discovery into records that only Defendant possesses concerning events that have already been delayed for years. The interests of justice are not served by further postponement of the search for the truth.

## VI. CONCLUSION

Plaintiff respectfully submits that Defendant has failed to establish good cause for staying this action.

**Plaintiff has waited 7 years for correction of inaccurate information, 8 years for answers, and nearly 9 years for an opportunity to fully examine the facts surrounding Defendant's conduct.**

The interests of justice favor the development of a factual record rather than further delay. Plaintiff respectfully requests that discovery proceed so that the facts underlying Defendant's conduct may be fully examined.

WHEREFORE, Plaintiff respectfully requests that the Court deny Defendant's Motion to Stay in its entirety and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

David James Connolly
Plaintiff, Pro Se

Date: June 9, 2026