**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| DAVID JAMES CONNOLLY, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | |
| | § | Case No. 1:26-cv-00310-ADA-DH |
| EQUIFAX INFORMATION SERVICES LLC, | § | |
| | § | |
| | § | |
| Defendant. | § | |
| | § | |

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S REPLY IN SUPPORT**
**OF ITS MOTION TO STAY**
**PENDING A RULING ON ITS MOTION TO DISMISS**

Defendant Equifax Information Services LLC ("Equifax") files this Reply in support of its Motion to Stay ("Motion") pending resolution of its Motion to Dismiss ("MTD") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and respectfully shows the Court as follows:

## I.    INTRODUCTION

Equifax's MTD raises threshold, purely legal questions that are likely to dispose of all claims against Equifax.  Despite that, in his Opposition, Plaintiff vaguely argues that discovery is necessary and that delay would be prejudicial. *See generally* Dkt. No. 24. But discovery, and its commensurate burden, is unnecessary where, as here, the Complaint fails as a matter of law. Because (1) the MTD is case-dispositive; (2) no discovery is needed to resolve it; and (3) a short stay will conserve judicial and party resources without undue prejudice, the Motion should be granted. Dkt. No. 23.

## II.    ARGUMENT

Plaintiff's Opposition focuses on alleged inaccuracies in his credit reporting by a third-party entity that is not named in this action. Dkt. No. 24; Dkt. No. 1. But those allegations miss

1

326579862v.1

the key issue here: whether Plaintiff has stated a claim upon which relief can be granted against *this* defendant, Equifax. As set forth in Equifax's MTD and Reply, Plaintiff's own Complaint alleges conduct by "Equifax Australia Information Services," not Equifax; Plaintiff fails to plead any facts linking **Defendant Equifax** to the alleged conduct in Australia; and his claims otherwise fail as a matter of law and cannot be cured by amendment. Dkt. Nos. 7, 13. These pleading defects are legal and warrant dismissal under Rule 12(b)(6). Discovery into Equifax's policies and procedures is wasteful as there is no viable claim against Equifax.

Plaintiff further argues he needs discovery because relevant information is within Equifax's control. This argument is similarly without merit. A Rule 12(b)(6) motion tests the sufficiency of the pleadings—not the underlying evidence—and courts routinely resolve such motions *before* discovery begins. *See Boudreaux v. C J R Framing Inc.*, 744 F. App'x 208, 211 (5th Cir. 2018) ("'a 12(b)(6) inquiry focuses on the allegations in the pleadings, not whether a plaintiff actually has sufficient evidence to succeed on the merits.'") (quoting *Ferrer v. Chevron Corp.*, 484 F.3d 776, 782 (5th Cir. 2007)); *see also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true."); *Kaylor v. Fields*, 661 F.2d 1177, 1184 (8th Cir. 1981) ("Discovery should follow the filing of a well-pleaded complaint. It is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim.").

In fact, the Fifth Circuit has acknowledged as much: district courts "*may* wish to postpone the issuance of a scheduling order until it decides whether the case merits further factual development." *Alpha Kappa Alpha Sorority, Inc. v. Converse Inc.*, 175 F. App'x 672, 682 (5th Cir. 2006) (emphasis in original) (citing *Ehlmann v. Kaiser Found. Health Plan of Tex.*, 198 F.3d 552,

554 (5th Cir. 2000)). This case does not. Plaintiff cannot use discovery as a fishing expedition to attempt to create a claim where none has been plausibly alleged. Responding to such discovery would impose significant costs and burden on Equifax—costs that are most likely unnecessary. In contrast, a brief stay preserves judicial resources, avoids unnecessary discovery disputes, and allows the Court to determine the threshold issue of whether the Complaint states a claim, which it does not as detailed in Equifax's MTD.

Further, Plaintiff presents no clear reasons why a stay would cause him undue prejudice, other than merely alleging that "[e]very additional delay postpones [his] ability to obtain evidence, identify witnesses, and pursue resolution of the dispute." *See* Dkt. No. 24 at 3. Instead of offering any compelling arguments speaking to these issues, Plaintiff's Opposition presents the Court with a series of conclusory assertions and irrelevant arguments. Equifax's Motion should be granted.

### III.    CONCLUSION

Equifax respectfully requests that this Honorable Court grant its Motion, stay this case pending resolution of its Motion to Dismiss Plaintiff's Complaint, and for such other further relief as the Court deems necessary.

DATED:  June 16, 2026

Respectfully submitted,

SEYFARTH SHAW LLP

By:  */s/ Heliane Fabian*

Heliane Fabian, TX Bar No. 24109850
hfabian@seyfarth.com
SEYFARTH SHAW LLP
2029 Century Park East, Suite 3500
Los Angeles, California  90067-3021
Telephone:  (310) 277-7200
Facsimile:  (310) 201-3021

*Counsel for Defendant*
*Equifax Information Services LLC*

3

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2026, I presented the foregoing DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S REPLY IN SUPPORT ITS MOTION TO STAY ACTION PENDING A RULING ON ITS MOTION TO DISMISS with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.  A copy has also been sent via U.S. Mail to the following:

> David James Connolly
> 2105 Comal Street
> Apartment B4, 324B
> Austin, TX  78722
>
> *Plaintiff pro se*

    /s/ Heliane Fabian
Heliane Fabian
*Counsel for Defendant*
*Equifax Information Services LLC*

326579862v.1

4