**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| DAVID JAMES CONNOLLY, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | |
| | § | Case No. 1:26-cv-00310-ADA-DH |
| EQUIFAX INFORMATION SERVICES LLC, | § | |
| | § | |
| | § | |
| Defendant. | § | |
| | § | |

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S
RESPONSE IN OPPOSITION TO PLAINTIFF'S
<u>MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT</u>**

Defendant Equifax Information Services LLC ("Equifax") hereby opposes Plaintiff David

James Connolly's ("Plaintiff") Motion for Leave to File First Amended Complaint ("Motion") and

respectfully requests that the Court deny Plaintiff's Motion in its entirety. In support of this request,

Equifax states as follows:

## I.    INTRODUCTION

As set forth in Equifax's Motion to Dismiss ("MTD"), dismissal with prejudice is

warranted here. The MTD has been fully briefed and is ripe for decision. *See* Dkt. Nos. 7, 12–13.

In an apparent effort to avoid that outcome, Plaintiff filed his Motion seeking leave to file his First

Amended Complaint ("FAC"). Dkt. No. 27. The Court should readily deny the Motion because (1)

Plaintiff failed to meet and confer with Equifax as required by the Local Rules; and (2) even if the

Court further considers the Motion, the proposed FAC is futile as it suffers from the same

deficiencies as the original complaint and would also be subject to dismissal.

326679165v.1

## II.      APPLICABLE STANDARD

### A.  Rule 15 of the Federal Rules of Civil Procedure

"In deciding whether to grant leave under Rule 15(a), district courts consider the following five factors: (1) undue delay; (2) bad faith or dilatory motive on the part of the movant; (3) repeated failures to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party; and (5) futility of the amendment." *Pease v. Sec. & Exch. Comm'n,* No. MO:24-CV-00322-DC-RCG, 2025 WL 2944600, at *1 (W.D. Tex. Oct. 14, 2025) (citing *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Although district courts should "freely" allow leave to amend "when justice so requires," and "a pro se litigant should be offered an opportunity to amend his [or her] complaint before it is dismissed[,]" leave to amend is "not necessary when the plaintiff has pleaded his or her 'best case' after being apprised of pleading deficiencies." *Crear v. Washington*, No. 3:25-CV-1590-L-BN, 2026 WL 1819125, at *4 (N.D. Tex. June 24, 2026) (citing Fed. R. Civ. P. 15(a); *Wiggins v. Louisiana State Univ.-Health Care Servs. Div.*, 710 F. App'x 625, 627–28 (5th Cir. 2017) (citing *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009)). It "is by no means automatic[.]" *Albert v. Charles Schwab & Co.*, No. 1:26-CV-908-RP, 2026 WL 1335790, at *1 (W.D. Tex. May 12, 2026). Indeed, "a district court need not grant a motion to amend if doing so would be an exercise in **futility**." *Crear*, 2026 WL 1819125, at *4 (emphasis added) (citing *Wiggins*, 710 F. App'x at 627; *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016)).

### B.      Pro se Litigants

Although pro se pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," pro se litigants, like all other parties, must follow the Federal Rules of Civil Procedure. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Chhim*

-2-

*v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) ("We hold pro se plaintiffs to a more lenient standard than lawyers when analyzing complaints, but pro se plaintiffs must still plead factual allegations that raise the right to relief above the speculative level."). In other words, "[a] pro se litigant must follow the same procedural rules governing all litigants." *Knoop v. Douglas*, No. 2:09-cv-0148, 2010 WL 4007752, at *4 (N.D. Tex. Oct. 12, 2010) (citing *Christian v. Dallas*, 64 F.Supp.2d 617, 623 (N.D. Tex. 1999)); *see also Carmouche v. Hooper*, 77 F. 4th 362 (5th Cir. 2003).

### III.    ARGUMENT AND AUTHORITIES

#### A.  Plaintiff Failed to Meet and Confer with Equifax as Required by the Local Rules

As an initial matter, Plaintiff's Motion is not properly before the Court. Local Rule CV-7(g) expressly provides, in relevant part:

> **Conference Required.** The court may refuse to hear or may deny a nondispositive motion unless the movant advises the court within the body of the motion that counsel for the parties have conferred in a good-faith attempt to resolve the matter by agreement and certifies the specific reason that no agreement could be made.

*See* W.D. Tex. Loc. R. CV-7(g).

"'Good faith' requires a genuine attempt to resolve the dispute through non-judicial means." *Wilson v. City of Giddings*, No. 1:25-CV-01371-ADA-SH, 2026 WL 1135462, at *5 (W.D. Tex. Apr. 22, 2026), report and recommendation adopted, No. 1:25-CV-1371-ADA-SH, 2026 WL 1472804 (W.D. Tex. May 26, 2026) (citing *Noble Cap. Fund Mgmt., LLC v. US Cap. Glob. Inv. Mgmt., LLC*, No. 1:20-CV-01247-DAE, 2024 WL 5505578, at *1 (W.D. Tex. Nov. 7, 2024)).

Plaintiff did ***not*** confer with Equifax at all before filing the Motion—let alone provide a copy of the proposed FAC for Equifax to evaluate. Instead, Plaintiff disregarded the Local Rules entirely. Had Plaintiff complied with the meet-and-confer requirement, Equifax would have

advised that it could not consent to the amendment because, as explained below, the FAC fails to allege sufficient additional facts to cure the deficiencies in the original pleading.

Accordingly, the Court should deny the Motion. Equifax respectfully asks that Plaintiff be reminded  that "[a]ny future motion filed in violation of [the Local Rules] may be denied and subject the filer to sanctions." *Goeloe v. TransUnion LLC*, No. 1:25-CV-01326-ADA-SH, 2025 WL 3035108, at *3 (W.D. Tex. Oct. 22, 2025) (citing *Sanchez v. Wells Fargo Bank, N.A.*, No. SA-2-cv-00551-OLG, 2020 WL 10758049, at *3 (W.D. Tex. Dec. 9, 2020)).

### B.  Plaintiff's Proposed FAC is Futile As a Matter of Law

Even if the Court considers the Motion, it is still without merit. In his proposed FAC, as in the original complaint, Plaintiff attempts to allege violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, defamation, and negligence against Equifax based on the reporting of an Australian bankruptcy record. *See generally* Dkt. No. 27-1. Plaintiff seeks leave to file his FAC purportedly to "[c]larify the allegations concerning the corporate structure of the Equifax enterprise . . . [a]dd parties whose involvement is alleged to be relevant to the conduct at issue . . . [c]larify the relationship between the various Equifax entities . . . [and] [p]rovide additional factual allegations concerning ownership, control, operation, reporting responsibilities, and participate in the conduct alleged." Dkt. No. 27 at 2.

To that end, Plaintiff adds "Equifax, Inc." and "Equifax Information Services and Solutions Pty Ltd" as defendants. Dkt. No. 27-1. But the proposed FAC still fails as a matter of law because (1) these two entitles are not consumer reporting agencies ("CRAs") and therefore not subject to the FCRA; and (2) even assuming that they were subject to the FCRA, the FAC does not cure the deficiencies identified in Equifax's MTD—most notably, Plaintiff's failure to plausibly allege an actionable inaccuracy. *See* Dkt. No. 7.

326679165v.1

1) "Equifax, Inc." and "Equifax Information Services and Solutions Pty Ltd" are not CRAs and therefore not subject to the FCRA.

"Courts across the nation have dismissed parties . . . who were incorrectly sued under the FCRA." *Croatto v. TransUnion Risk & Data Sol., Inc.*, No. CV H-24-1479, 2024 WL 2853960, at *2 (S.D. Tex. June 4, 2024) (citing *Greear v. Equifax, Inc.*, No. 13-11896, 2014 WL 1378777 (E.D. Mich. Apr. 8, 2014) ( O'Meara, J.) ("Defendant Equifax, Inc., is not a CRA subject to the requirements of the FCRA."); *Slice v. Choicedata Consumer Servs., Inc.*, No. 04-cv-428, 2005 WL 2030690 at *3 (E.D. Tenn. Aug. 23, 2005) (Varlan, J.) ("Equifax Inc. has not violated the FCRA as alleged because it is not a 'consumer reporting agency' and has not furnished or prepared a 'consumer report' on the plaintiff."). Based on the foregoing, Equifax, Inc. is not a proper party to this case, and Plaintiff's proposed FAC is therefore futile.

Nor is it appropriate to add Equifax Information Services and Solutions Pty Ltd, an Australian entity subject to Australian law rather than the FCRA. *See* Equifax Austl., Credit Reporting Policy, https://www.equifax.com.au/credit-reporting-policy (last visited June 30, 2026); *Garcia v. Janssen Pharms., Inc.*, No. 7:20-CV-174, 2021 WL 12300189, at *2 (S.D. Tex. Mar. 11, 2021) (taking judicial notice of publicly available information under Fed. R. Evid. 201) (citing *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011)). The operative provisions of the FCRA confine the statute to consumer reporting in U.S. "interstate commerce." *See* 15 U.S.C. §§ 1681(a), 1681a(d), 1681a(f), 1681b. Accordingly, Equifax Information Services and Solutions Pty Ltd is likewise not a proper party, again rendering Plaintiff's proposed FAC futile.

2) The FAC does not cure the deficiencies identified in Equifax's MTD.

And again, even if the Court further considers Plaintiff's proposed FAC, it still fails because Plaintiff has not addressed a fundamental defect: Plaintiff has presented a legal dispute that Equifax is not required to adjudicate under the FCRA and that is not objectively and readily

326679165v.1

verifiable. Dkt. No. 27-1. That is, to determine whether the reporting of Plaintiff's bankruptcy is inaccurate, Equifax would need to examine the alleged "sequestration order" and the subsequent order setting it aside purportedly issued by the Federal Circuit Court of Australia; the implication of such orders under Australian laws, including whether such orders meant "Plaintiff was never bankrupt"; whether "the debt upon which the creditor petition was based did not exist and that the party who[] claimed the debt had breached the Federal Court of Australia Act"; whether credit reporting would be impacted by orders issued by a foreign court; and whether the foreign data furnisher had any other legal basis for reporting Plaintiff's bankruptcy. Dkt. No. 27-1 ¶¶ 2–5, 37–39. In short, Plaintiff's dispute with Equifax—if any exists—hinges on complex legal issues involving Australian bankruptcy law and other relevant foreign regulations. *Id.* This goes far beyond what the FCRA requires. CRAs such as Equifax "are not tribunals and 'are neither qualified nor obligated to resolve legal issues.'" *Reyes v. Equifax Info. Servs., L.L.C.*, 140 F.4th 279, 287 (5th Cir. 2025) (citing *Denan v. Trans Union LLC*, 959 F.3d 290, 296 (7th Cir. 2020); *Chaitoff v. Experian Info. Sols., Inc.*, 79 F.4th 800, 814 (7th Cir. 2023) ("We have long held that CRAs are not well suited to adjudicate legal defenses to a debt, so they are not liable for reporting information that may be legally inaccurate."); *Wright v. Experian Info. Sols., Inc.*, 805 F.3d 1232, 1242 (10th Cir. 2015) (explaining that a reasonable reinvestigation "does not require CRAs to resolve legal disputes about the validity of the underlying debts they report")). Accordingly, the FAC still fails to state a claim upon which relief can be granted. *See Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000) (applying "the same standard of legal sufficiency . . . under Rule 12(b)(6)" in evaluating whether amendment would be futile). Equifax respectfully incorporates by reference the arguments set forth in its pending MTD. Dkt. No. 7.

326679165v.1

To the extent that Plaintiff alleges "internal human error" and that the findings of the Australian Financial Complaints Authority "constitute evidence that Equifax had actual notice of the inaccuracy and failed to correct the information," *see* Dkt. No. 27-1 ¶¶ 47, 55, "mere conclusory statements" are not enough to survive Rule 12(b)(6). *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A]lthough pro se plaintiffs are afforded some latitude, courts routinely deny them leave to amend when amendment would be futile." *Pease*, 2025 WL 2944600, at *1 (citing *Bruning v. Attmore*, No. 19-CV-00060, 2020 WL 10227666, at *6 (W.D. Tex. Feb. 2, 2020); *Mapes v. Texas*, No. 18-CV-0170, 2018 WL 9786073, at *6 n.6 (W.D. Tex. Oct. 1, 2018); *Daniels v. Saucedo*, No. 21-CV-101, 2021 WL 6495244, at *4 (W.D. Tex. Nov. 17, 2021)). Such is the case here. Plaintiff simply has no viable claim against Equifax even after trying to replead his "best case" in the proposed FAC. *Crear*, 2026 WL 1819125, at *4. Leave to amend should be denied.

## CONCLUSION

For the foregoing reasons, Equifax respectfully requests that Plaintiff's Motion be denied in its entirety and that this case be dismissed with prejudice.

DATED:  July 6, 2026

Respectfully submitted,

SEYFARTH SHAW LLP

By:  */s/ Heliane Fabian*
Heliane Fabian, TX Bar No. 24109850
hfabian@seyfarth.com
SEYFARTH SHAW LLP
2029 Century Park East, Suite 3500
Los Angeles, California  90067-3021
Telephone:  (310) 277-7200
Facsimile:  (310) 201-3021

*Counsel for Defendant*
*Equifax Information Services LLC*

326679165v.1

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2026, I presented the foregoing DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.  A copy has also been sent via U.S. Mail to the following:

David James Connolly
2105 Comal Street
Apartment B4, 324B
Austin, TX  78722

*Plaintiff pro se*

  */s/ Heliane Fabian*
Heliane Fabian
*Counsel for Defendant*
*Equifax Information Services LLC*

326679165v.1